IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 4:17CR3039 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **BRIEF IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS** |
| ANTHONY TODD WEVERKA | ) | **THE INDICTMENT** |
| Defendant. | ) | |

The Defendant, Anthony Todd Weverka, moves the Court to dismiss the indictment based on a statute which, under these circumstances, conflicts with the Defendant's 5th Amendment right against self-incrimination and thus fails to meet all elements of the statute violation. The referenced statute is Misprision of a Felony found at 18 U.S.C. § 4, and its language, "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both." is in conflict with the right against self-incrimination granted by the 5th Amendment, under the conditions of the referenced offense. Further, the aforementioned offense does not meet two of the four necessary criteria for violation of 18 U.S.C. § 4.

## BACKGROUND

On or about March 7, 2016, a sovereign citizen by the name of Mike Parsons was charged with two counts of Felony Possession of a Weapon in Tipton County, Tennessee. Pending trial, Parsons was released and required to wear an ankle bracelet monitor to track his

whereabouts. On or about January 10, 2017, his case was called for trial, however Parsons failed to appear, having removed his ankle monitor to flee Tennessee for British Columbia, Canada, where the Universal Supreme Court of the Tsilhqot'in Nation (hereafter referred to as USCTN) is located. Subsequently, a warrant was issued for his arrest. While traveling from Tennessee to British Columbia, Parsons stopped for the night at the Arapahoe, Nebraska airport. These arrangements were made possible by contact between Parsons and Anthony Weverka, the President of the Arapahoe Airport Board.

On January 12, 2017, Parsons was arrested on the premises of the Arapahoe airport by state and federal law enforcement officers. He was transferred to the Furnas County Jail pending extradition to Tennessee. Sue Holland, chief Justice of the USCTN, issued various documents following Parson's arrest ordering that he be exonerated of all criminal offenses and be released immediately from jail. The documents were purported to be court orders of the USCTN. These orders were ignored by United States authorities, prompting Holland to issue "warrants" demanding the arrest and extradition of the Furnas County Sheriff and Tipton County, Tennessee, Circuit Judge

On or about February 16, 2017, Holland contacted a bounty hunter from New Orleans, Louisiana, contracting him to break Parsons out of jail and bring him to British Columbia. She also asked the bounty hunter to kidnap the Furnas County Sheriff and Tipton County Judge and bring them to British Columbia as well, to answer charges brought against them by the USCTN. Between January 11, 2017 and March 8, 2017, Weverka learned of the plot to kidnap such individuals and continued to speak with Holland and others involved with the plot. Further, Weverka provided the home address of the Furnas County Sheriff to Holland.

On or about March 10, 2017 through March 17, 2017, Weverka spoke with the Furnas County Sheriff on multiple occasions warning him that he may be in danger and needed to be cautious. Although he did not disclose his full knowledge of the plan to kidnap the Sheriff, his statements to the Sheriff were truthful and indicative that suspicious activity was occurring and needed to be looked into. Given these events, the Grand Jury alleges that Defendant Anthony Weverka violated 18 U.S.C. § 4 by having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, Solicitation to Commit a Crime of Violence in violation of 18 U.S.C. § 373 and Attempted Kidnapping in violation of 18 U.S.C. § 1201 (d), did conceal the same by false statements, substantial omissions of material facts and continuing to provide assistance to those whom he believed were attempting to commit such crimes, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

## ELEMENTS OF OFFENSE

The offense, Misprision of a Felony incorporates four distinct elements which must each be fulfilled in order for the offense to reach fruition. These elements are as follows: (1) commission and completion of a felony offense by a principal; (2) actual knowledge by Defendant of the commission of such a felony; **(3) failure by Defendant to notify authorities; and (4) an affirmative act by Defendant to conceal the crime**. *United States v. Weekley, 389 F. Supp. 2d 1293, 1297 (2005) (emphasis added).* Failure to prove enactment of all four criteria would result in insufficient grounds for establishing a Misprision of a Felony offense. Further, when the referenced criteria are in violation of a Defendant's constitutional rights, the latter would prevail in authority over the statute in question. *United States v. Gecas, 120 F.3d 1419,*

*1428 (1997); United States v. King 402 F.2d 694 (1968); United States v. Davila, 698 F.2d 715, 717 (1983).*

## I. FAILURE BY DEFENDANT TO NOTIFY AUTHORITIES

The third clause required for the violation of 18 U.S.C. § 4 involves the Defendant declining to alert law enforcement of the commissioned offense. In the case of Anthony Weverka, this violation requirement is not only unfulfilled but rather opposed completely by his communication with Furnas County Sheriff, Kurt Kapperman. On or around March 10th, 2017, the Defendant alerts Sheriff Kapperman, in a recorded phone call, that "things are in motion, kind of like a threat"[1] Defendant goes on to tell the Sheriff that this matter needs to be taken seriously as to avoid recourse.[2]

These conversations show that the Defendant blatantly notified Sheriff Kapperman that suspicious activity was occurring involving the parties Mike Parsons and Sue Holland. These statements clearly contradict the claim that the Defendant failed to notify the authorities of such criminal activity.

Further, the Defendant proceeded to ask the Sheriff if he should reach out to the Nebraska State Patrol regarding this matter. He was advised by the Sheriff that this would not be necessary and that the Sheriff would make sure that the matter was looked into.[3] These actions demonstrate the Defendant's willingness to involve law enforcement and desire to inform authorities of the activities at hand.

## II. AFFIRMATIVE ACT BY THE DEFENDANT TO CONCEAL THE CRIME

A second crucial aspect of a Misprision of a Felony offense involves explicit effort to conceal the commissioned crime. It has been held that merely failing to make the commissioned

---

[1] A. Weverka, personal communication, March 10, 2017.
[2] *Id.*
[3] *Id.*

offense known is not sufficient grounds for a Misprision of a Felony charge. *United States v. Warters, 885 F.2d 1266, 1275 (1989).* The Defendant is responsible for taking an active step in obscuring the offense in question. *United States v. Adams, 961 F.2d 505, 508 (1992).*

Although a variety of actions can be considered deeds of concealment, none so apply to the case in reference. Prior rulings acknowledge that only partial admission of the commissioned crime is not sufficient foundation for concealment, so long as the communicated information is truthful. *United States v. Ciambrone, 750 F.2d 1416 (1985).* Although the Defendant did not disclose all relevant details pertaining to the commissioned crime, the information he shared with Sheriff Kapperman was forthright and not misleading. Therefore, although relaying deceptive information can be considered an affirmative act of concealment, such a delegation would not apply to this matter, and thus the fourth critical criterion for a Misprision of a Felony charge is not fulfilled.

### III. VIOLATION OF DEFENDANT'S FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION

The act of disclosing only partial information to law enforcement becomes particularly relevant when considering how admissions of knowledge of the crime could be self-incriminating. Under the Fifth Amendment of the United States, "No person shall be […] compelled in any criminal case to be a witness against himself."[4] Such a Constitutional right trumps the authority of other statutes. Therefore, when failing to admit relevant information to law enforcement raises the question of whether 18 U.S.C. § 4 was violated, the Defendant's right against self-incrimination becomes the delegating rule. In the present case, had the Defendant disclosed any additional information regarding the plans of Mike Parsons and Sue Holland, such

---

[4] U.S. Constitution, Amendment 5

admissions would undoubtedly be considered self-incriminating and would obstruct the rights provided to the Defendant by the Fifth Amendment.

**CONCLUSION**

The Misprision of a Felony charge is fruitful only under the circumstances that it satisfies **all** of the following conditions: (1) commission and completion of a felony offense by a principal; (2) actual knowledge by Defendant of the commission of such a felony; (3) failure by Defendant to notify authorities; and (4) an affirmative act by Defendant to conceal the crime. In the case of Anthony Weverka, criteria (3) and (4) are not sufficiently fulfilled and thus the charge is nullified.

Further, a statute that relies so heavily on the admission of information by a Defendant is in conflict with the Defendant's Fifth Amendment right against self-incrimination in certain circumstances. In the referenced case, information relayed to law enforcement by the Defendant, albeit truthful, was partial and ambiguous. However, the information given was not misleading and any further disclosures would surely have resulted in self-incriminating statements by the Defendant. In this case, the Defendant's right against self-incrimination protects and validates his limited admissions.

The Defendant prays for relief in this matter and requests the Court dismiss the indictment based on unsatisfied criteria for the charge, as well as conflicting with the Defendant's Fifth Amendment right against self-incrimination.

ANTHONY TODD WEVERKA, Defendant,

<pre>
              By:   s/Stuart J. Dornan
                    STUART J. DORNAN, #18553
                    Attorney for Defendant Weverka
                    Dornan, Troia, Howard, Breitkreutz
                    & Conway PC, LLO
                    1403 Farnam Street, Suite 232
                    Omaha, Nebraska 68102
                    (402) 884-7044 (phone)
                    (402) 884-7045 (fax)
                    stu@dltlawyers.com
</pre>

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2017, I electronically filed the foregoing Brief in Support of Motion to Dismiss the Indictment with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

   Jan W. Sharp, Assistant U.S. Attorney

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

   N/A

<pre>
                    s/Stuart J. Dornan
                    STUART J. DORNAN, #18553
                    Attorney for Defendant
</pre>