# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17CR3039 |
| vs. | |
| ANTHONY TODD WEVERKA, | **FINDINGS, RECOMMENDATION, AND ORDER** |
| Defendant. | |

Defendant Weverka has moved to dismiss the indictment, arguing the government cannot prove the charges. ([Filing No. 26](#)). Defendant alleges that under the facts of this case, the government cannot prove the charge of misprision because Defendant's alleged failure to notify authorities and his concealment of criminal conduct was protected activity under the Fifth Amendment. For the reasons stated below, the motion should be denied.

## BACKGROUND

Defendant faces an indictment for misprision of a felony. The indictment alleges that in January of 2017, "M.P." (Mike Parsons) was the subject of an arrest warrant issued by a judge of the Circuit Court of Tipton County, Tennessee. M.P. allegedly fled Tennessee by piloting a private airplane to British Columbia, Canada, and stopped en route for the night at the airport in Arapahoe, Nebraska. The indictment alleges Weverka, the President of the Arapahoe Airport Board, allowed M.P. to spend the night on the Arapahoe airport premises, and on January 12, 2017, M.P. was arrested on the Tennessee warrant and housed in the Furnas County, Nebraska jail pending extradition.

The indictment alleges that while M.P. was in jail, S.H. (Sue Holland) initiated plans to kidnap both the presiding judge for the Tennessee criminal matter and the Sheriff of Furnas County, Nebraska to transport them to Canada on charges brought against them by the "Universal Supreme Court of the Tsilhqot'in Nation," (USCTN). S.H. refers to herself as the USCTN Chief Justice, purporting to represent the "country" of Chilcotin in British Columbia, Canada: M.P. is an alleged USCTN Ambassador and Associate Chief Justice.

The indictment alleges:

- Between January 11, 2017, and March 8, 2017, Weverka learned of the plot to kidnap the Furnas County Sheriff but he continued to speak with S.H. and others he believed to be working with her.

- Between February 21, 2017, and March 8, 2017, Weverka allegedly disclosed to S.H of the home address of the Furnas County Sheriff.

- Between March 10, 2017 and March 17, 2017, Weverka spoke with the Furnas County Sheriff on several occasions and warned the Sheriff that his life might be in danger, advising him to be cautious. But Weverka did not disclose the plan to have the Sheriff abducted, and he made false statements to the Furnas County Sheriff.

- On March 16, 2017, Weverka met with an individual he believed was involved with the kidnapping plot, showed him M.P.'s plane, and advised that upon notice, Weverka would assure the plane was ready to fly, with the key in the ignition, but he wanted to be involved only "with the airplane," explaining he believed M.P. was being treated unfairly in the Tennessee proceedings.

Count One of the indictment alleges that between February 21, 2017, and March 17, 2017, in the District of Nebraska:

> [T]he defendant, ANTHONY TODD WEVERKA, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, Solicitation to Commit a Crime of Violence in violation of 18 U.S.C. § 373 and Attempted Kidnapping in violation of 18 U.S.C. § 1201 (d), did conceal the same by false statements, substantial omissions of material facts and continuing to provide assistance to

2

> those whom he believed were attempting to commit such crimes, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States[.]

([Filing No. 1](Filing No. 1)).

ANALYSIS

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal to bar a subsequent prosecution." [United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993)](). "In determining whether an Indictment has sufficiently set forth the elements of the charge, the Indictment will generally be deemed sufficient 'unless no reasonable construction can be said to charge the offense.'" [United States v. Hughson, 488 F. Supp. 2d 835, 840-41 (D. Minn. 2007)]()(quoting [United States v. Peterson, 867 F.2d 1110, 1114 (8th Cir. 1989)]()). "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." [United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994)]().

[18 U.S.C.A. § 4]() codified the common law crime of "misprision of a felony." The elements of this crime are: 1) commission and completion of a felony; 2) Defendant's knowledge of that fact; 3) Defendant's failure to notify a proper authority; and (4) some affirmative step by Defendant to conceal the felony. [United States v. Bolden, 277 F. Supp. 2d 999, 1011 (E.D. Ark. 2003)](), aff'd, [368 F.3d 1032 (8th Cir. 2004)](). <u>See also</u> Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, § 6.18.04 (2014).

Count One alleges each of these elements; specifically, it alleges Defendant knew of the actual commission of the crimes of Solicitation to Commit a Crime of Violence in violation of [18 U.S.C. § 373]() and Attempted Kidnapping in violation of 18

U.S.C. § 1201(d); concealed the crime by making false statements, omitting material facts, and providing assistance to people he believed were attempting to commit the crimes, and failed to report his knowledge of the crimes to the authorities. The indictment is facially sufficient.

Defendant claims that even though he "did not disclose all relevant details pertaining to the commissioned crime, the information he shared with Sheriff Kapperman was forthright and not misleading." (Filing No. 27, at CM/ECF p. 5). He argues the evidence "clearly contradict[s] the claim that the Defendant failed to notify the authorities" of criminal activity. (Filing No. 27, at CM/ECF p. 4). But a court cannot dismiss a facially valid indictment because it weighed the evidence supporting a probable cause finding and concluded the indictment is supported by incompetent or insufficient proof.

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

Costello v. U.S., 350 U.S. 359, 363 (1956). "[F]ederal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence." United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001).

Defendant argues that admitting knowledge of the crime can be self-incriminating; that the indictment must be dismissed because "had the Defendant disclosed any additional information regarding the plans of Mike Parsons and Sue Holland, such admissions would undoubtedly be considered self-incriminating and would obstruct the rights provided to the Defendant by the Fifth Amendment." (Filing

4

No. 27, at CM/ECF p. 5). "[W]here the indictment on its face charges the violation of a statute, compliance with which would result in an admission of an offense. . ., the defendant is entitled to have the indictment dismissed for constitutional infirmity." United States v. Thompson, 420 F.2d 536, 542 (3d Cir. 1970). "[A] defendant cannot be prosecuted under 18 U.S.C. § 4 for failing to report a felony if that defendant had reasonable cause to believe that furnishing the government with such knowledge could lead to [his] own prosecution." United States v. Weekley, 389 F. Supp. 2d 1293, 1299 (S.D. Ala. 2005), aff'd, 184 F. App'x 903 (11th Cir. 2006).

Based on the allegations in the indictment, Defendant told the Sheriff that the Sheriff was in danger. But the indictment alleges Defendant did not disclose the plot to abduct the Sheriff and made false statements to the Sheriff, and Defendant allegedly provided the Sheriff's address to S.H. and agreed to make sure M.P.'s airplane was ready to fly when needed. Based on the face of the indictment, disclosure of S.H.'s actions and plans, rather than concealing or aiding those plans, would not have incriminated Defendant himself as engaged in any crime.[1] Absent any showing that disclosure could have incriminated Defendant, the indictment is not subject to dismissal on Fifth Amendment grounds. Thompson, 420 F.2d at 542.

Moreover, Defendant allegedly hid S.H.'s criminal conduct by providing false information to the Sheriff. The act of knowingly disclosing false information to law enforcement negates Defendant's ability to invoke the Self–Incrimination Clause as a defense to the misprision charge. Id. "[N]either the text nor the spirit of the Fifth Amendment confers a privilege to lie." Brogan v. United States, 522 U.S. 398, 404 (1998); see also United States v. Hodges, 566 F.2d 674, 675 (9th Cir. 1977) ("[T]he

---

[1] This opinion addresses only whether the indictment, on its face, is subject to pretrial dismissal. It does not address Defendant's right to raise Fifth Amendment defenses at trial if, based on the evidence presented, Defendant could reasonably believe that his failure to disclose S.H.'s kidnapping plan could incriminate him.

5

giving of an untruthful statement to authorities is a sufficient act of concealment to sustain a conviction for misprision of felony.").

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to [28 U.S.C. § 636](b), that the motion to dismiss filed by the defendant ([Filing No. 26](#)) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on September 25, 2017, or as soon thereafter as the case may be called, for a duration of four (4) trial days. Jury selection will be held at the commencement of trial.

August 28, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge